ℛℰℭ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARISA TURINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10 C 4292 |
| MICHAEL CRAWLEY, | ) |
| | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff Larisa Turina's Amended Motion for Summary Judgment and Defendant Michael Crawley's *pro se* Cross-Motion for Summary Judgment. On July 7, 2010, Turina filed a Complaint against Crawley, seeking a declaratory judgment under the U.S. Copyright Act, 17 U.S.C. § 501, *et seq.* ("Count I"), and bringing claims for copyright infringement (Count II), breach of contract (Count III), common-law misappropriation (Count IV), and common-law fraud (Count V).[1] Crawley filed a response, in which he moves for summary judgment on Turina's claims.

---

[1] Turina initially filed a Motion for Summary Judgment on October 15, 2010; but this Motion failed to comply with Local Rule 56.2 for the Northern District of Illinois, which requires a party moving for summary judgment against a party proceeding *pro se* to issue a letter with their motion, describing the proper manner for responding in opposition to the motion. *See* L.R. 56.2. With her Amended Motion, Turina has complied with this Local Rule.

## BACKGROUND

The following facts are taken from Turina's statement of undisputed material facts submitted in accordance with Local Rule 56.1.[2] Although Crawley did not file a formal response to Turina's statement of facts, he disputes certain of Turina's facts in his memorandum. In this respect, Crawley's response will be construed as a response to certain of Turina's statement of facts. Crawley has not responded to a large portion of Turina's statement of facts. Although the filings of *pro se* litigants are subject to more liberal review and interpretation, a *pro se* plaintiff must still comply with local rules. *See Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe *pro se* pleadings liberally. But procedural rules cannot be ignored.) (internal citations omitted).

As discussed above, Turina sent Crawley a Local Rule 56.2 letter. When a *pro se* litigant is provided with a Local Rule 56.2 letter, then he is presumed to be on notice of his obligations under Local Rule 56.1, and failure to comply with that Rule results in the admission of the moving party's facts. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Therefore, Crawley's failure to dispute certain facts set forth in Turina's statement in the manner required by Local Rule 56.1 results in those facts' – if they are

---

[2] Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Local Rule 56.1(b)(3)(B) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

consistent with the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1 – being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Turina is a resident of Cook County, Illinois. (Compl. ¶ 1.) Crawley is a resident of Canada. (*Id.* ¶ 2.) This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338(a) based on Turina's claims brought under the Copyright Act and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Turina's state-law claims. Turina seeks a total of $4,508.61 in damages, and Crawley seeks a total of $2,771.88 in damages.[3]

Since 2000, Turina has been practicing acupuncture in Chicago, d/b/a Chicago Acupuncture. (Pl.'s Rule 56.1(a)(3) ¶ 2.) Before 1997, when Turina immigrated to the United States, she practiced acupuncture in the U.S.S.R. for fifteen years. (*Id.*)

At some point after 2000, Turina began to write a book about acupuncture and created a manuscript. (*Id.* ¶ 5.) Because Turina is not a native English speaker, she sought an editor to edit her manuscript. (*Id.* ¶ 7.) In November 2009, Turina posted an advertisement on Craigslist, to which Crawley responded. (*Id.* ¶ 8.) Turina sent Crawley a portion of her manuscript to edit on November 4, 2009. (*Id.*) Crawley substantially re-wrote this portion of her manuscript, and, based on the quality of his work, Turina retained Crawley to edit her manuscript. (*Id.* ¶ 9.)

---

[3] Accordingly, the Court does not have federal diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332, which requires complete diversity between the parties plus an amount in controversy which exceeds $75,000.00, exclusive of interest and costs.

Turina sent Crawley a draft agreement, outlining the terms of their agreement. (*Id.* ¶ 10.) On February 15, 2010, after some modification to the agreement, Crawley agreed to the terms of the agreement in an email (the "Agreement"). (*Id.*) On February 15, 2010, Turina sent Crawley a payment of $1,000, as agreed to by the parties. (*Id.* ¶ 14.)

On March 28, 2010, by e-mail, Turina sent to Crawley a full copy of her manuscript. (*Id.* ¶ 15.) In April and May 2010, Crawley edited the manuscript. (*Id.* ¶ 19.) On March 30, 2010, Turina registered her manuscript with the U.S. Copyright Office ("Copyright Office"). On June 2, 2010, Crawley sent Turina the edited version of the manuscript.[4] (*Id.* ¶ 20.)

When Crawley sent the manuscript to Turina on June 2, 2010, Turina's husband, who is counsel of record in this case for Turina, threatened Crawley with litigation. (*Id.* ¶ 10.) It is undisputed that Crawley subsequently registered the edited manuscript with the Writers Guild of Canada. (*Id.*) Crawley alleges that this was an effort to provide proof of the completion of his services. (*Id.*)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the

---

[4] The parties dispute what portion of the manuscript Crawley edited. (*See id.* ¶ 21.) Turina alleges that Crawley edited 9.5 percent of the manuscript. (*Id.*) Crawley alleges that less than 1 percent of the manuscript was left in its original form. (Resp. ¶ 5.)

4

court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal citation omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

### *Copyright Claims*

To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (citing *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1241 (2010) (*Reed Elsevier*) (citing 17 U.S.C.A. § 411(a)).

Turina has presented no *evidence* that she is the ownership of a valid copyright; for example, Turina has failed to provide the Court with a copyright registration number, a copy of her application to the Copyright Office, or the actual receipt of registration itself. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings, the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate.") Rather, Turina relies only on the allegation in her Complaint that she applied for a copyright registration of her manuscript on March 30, 2010. (Compl. ¶ 16.) The Court's own search of the Copyright's Office on-line Public Catalog reveals that Turina has registered her copyright as of March 30, 2010, as Copyright No. TXu001682730.[5] Although Turina's summary judgment motion could be denied based on her failure to present evidence of her copyright, the Court will take judicial notice of Turina's copyright from the Copyright Office's Registry. *See, e.g., Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (noting that district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry).

In any event, Turina has failed to establish the second claim of her copyright infringement claim. Turina has failed to show that Crawley's "copying" of her manuscript was unauthorized. *See, e.g., Glover v. Austin*, No. 06-4756, 2008 WL 2873549, at *1 (2d Cir. July 24, 2008) ("Copyright infringement is established when the

---

[5] The manuscript is copyrighted under the name "Larisa Turin" rather than Turina.

owner of a valid copyright demonstrates unauthorized copying."); *Innovative Concepts, Inc. v. Symetrics Industries, Inc.*, No. 02-1040-A, 2003 WL 26082736, at *3 (E.D. Va. Apr. 11, 2003) ("A claim for copyright infringement fails if the copying was authorized.").

Crawley and Turina entered into an agreement under which Crawley agreed to "assist in editing the manuscript to [her] satisfaction," and Turina paid Crawley for his editing services pursuant to the Agreement. (Pl.'s Rule 56.1, Ex. 3 at ¶ 2.) Therefore, to the extent Crawley "copied" Turina's manuscript, Turina has not established that it was unauthorized. Rather, pursuant to the Agreement, Crawley merely edited Turina's manuscript and returned the edited manuscript to Turina.

Turina's argument that Crawley's registration of the edited manuscript with the Writers Guild of Canada ("Writers Guild") infringes on her copyright is unpersuasive. First, the registration does not render any alleged "copying" of the manuscript unauthorized. Turina has not contested Crawley's factual statement that his registration does not constitute disclosure or publication; rather, the registration creates a sealed file in possession of a third party that can be accessed only by the named parties (Crawley and Turina). (Resp. ¶ 11.)

Second, Turina points the Court to the Writers Guild's website, which contains a section entitled "Why Register," and argues that the website states that the "purpose of the registration service is to provide a dated record of the writer's claim to authorship of a particular literary material." *See* http://www.wgc.ca/service/regfaqs.html#whyregister

(last visited Feb. 8, 2012). But it is telling that Turina omitted the remainder of this portion of the website, which expressly states:

> Please be aware that the Registration Service is NOT a copyrighting service and registration with the Guild does not protect titles or confer any statutory protection nor take the place of copyright registration.
> * * *
> Note that while the WGC stores registered literary material for a five-year period, it does not verify the originality or authenticity of the material, make comparisons of registration deposits nor provide any assurances that the registered material enjoys copyright protection.

(*Id.* (capitalization in original).)

Turina has presented no other evidence of Crawley's purported copyright infringement, here. Accordingly, Turina's summary judgment motion fails to establish the second element of her copyright infringement claim. Here, there is no issue for trial on Turina's copyright claim because she has not presented sufficient evidence for a jury to return a verdict for her. *See e.g., Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594-595 (7th Cir. 2007) ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal quotation omitted). Therefore, summary judgment is granted in favor of Crawley based on his Cross-Motion for Summary Judgment with respect to Counts I and II.

*State-Law Claims*

Turina's remaining claims are based on state law. (*See* Compl., Counts III-V.) This Court only has original jurisdiction over Turina's copyright claims pursuant to 28 U.S.C. § 1338(a). Although the parties are diverse, because the amount in controversy does not exceed $75,000, the Court does not have original jurisdiction under the diversity-jurisdiction statute. *See* 28 U.S.C. § 1332(a). "'[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

Accordingly, because the Court has resolved the only claims over which it has original jurisdiction, it exercises its discretion to decline supplemental jurisdiction over Turina's state-law claims. 28 U.S.C. § 1367(c)(3). Therefore, Counts III through V are dismissed without prejudice to file these claims in state court.

## CONCLUSION

For the reasons set forth above, Turina's Motion for Summary Judgment is denied as to Counts I and II. As the only counts that give rise to federal jurisdiction have been dismissed, the Court relinquishes jurisdiction over Turina's state-law claims. *Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claim."). Counts III through V are dismissed without prejudice to file these

claims in state court. Therefore, Turina's Complaint is dismissed for lack of subject-matter jurisdiction; and this case is hereby terminated.

Date: 2-16-12

JOHN W. DARRAH
United States District Court Judge